AYRES, Judge.
This is an appeal by the mother from a judgment decreeing the juveniles, Brenda Sue Walton and Linda Ann Vines, are abandoned children and authorizing the Department of Public Welfare to place said children for adoption, or to make such other provisions for their permanent care as may be consistent with their best interests.
The statute provides, in part, and insofar as material to the issues presented here, that, if any child has been deserted for a period of at least four months by his parents, who have made no provision for his care, or the parents have refused to provide for the care and support of the child for a period of at least four months, under circumstances evidencing an intention to permanently avoid all parental responsibilities, the child shall be considered an abandoned child (LSA-R.S. 9:403, subd. A) and may be placed for adoption by the agency having custody or may be provided with such other care by the agency as shall be in the best interest of the child (LSA-R.S. 9:407).
The issues, therefore, are factual in nature and relate to the question of abandonment by the mother of her children under circumstances showing an intention to permanently avoid her parental responsibilities.
The facts as disclosed by the record may be briefly stated. Brenda Sue Walton, born October 26, 1950, is an illegitimate child of Bessie Mae Walton. Bessie Mae Walton was later married to George Elmer Vines, and subsequently to Roy R. Miller, Jr. Linda Ann Vines was born June 5, 1953, of the marriage of Bessie Mae Walton and George Elmer Vines. The mother and Miller were not married until November 9, 1959, although they lived together as man and wife for several years.
These two children were placed by the Juvenile Court under foster-home care of the Department of Public Welfare on or about November 8, 1954, because of the neglect and failure of the mother to provide proper and sufficient care for their well-being. During August, 1956, an abandonment proceeding was instituted on behalf of the Department of Public Welfare but dismissed September 10, 1956, after which the Department attempted to maintain contact *447 with the mother. The efforts of the Department, made in the meantime, to get the mother to make some provision for satisfactory living conditions of the minors proving unsuccessful, this action was instituted July 21, 1959. In a hearing on September 22, 1959, the court found the child, Linda Ann Vines, to be abandoned insofar as the father was concerned, but the proceeding was continued until November 10, 1959, to afford the mother additional time and opportunity to offer some responsible plan for the return of the children to her care and custody. On that date, no plans having been made or suggested by the mother, the decree of abandonment of the children was entered as to their mother.
The record conveys considerable doubt of the legality of the marriage of Bessie Mae and Roy Miller, in that a search of the records failed to disclose a divorce dissolving the marriage between her and Vines. This confused marital and illicit relationship points up and emphasizes the total irresponsibility of the parties involved. Moreover, during the years these children were entrusted to the care of the Department of Public Welfare, few visits were made to them by the mother and apparently none by the husband. Nor, did either contribute to the minors’ support, or manifest, in any manner, any interest in their welfare, or evidence the natural love and affection of a parent toward his or her children. Neither plans were formulated nor efforts made for the support of the minors.
For these reasons, we find no basis for disagreement with the learned and distinguished judge of the Juvenile Court in his conclusion that these were abandoned children within the purview and intendment of the statute.
Accordingly, the judgment appealed is affirmed.
Affirmed.