292 So.2d 801 (1974)
John HENDERSON and Sara Kemp Henderson
v.
Ernest SPEARS and Leona Bradford Spears.
No. 9724.
Court of Appeal of Louisiana, First Circuit.
March 18, 1974.
*802 Walton J. Barnes, II, Baton Rouge, for appellant.
James P. Dore, Plaquemine, J. Marc Lampert and P. Raymond Lamonica, Baton Rouge, from Louisiana State University Clinical Legal Education Program, for appellee.
Before BLANCHE, TUCKER[*] and VERON, JJ.
BLANCHE, Judge.
John Henderson and his wife Sara Kemp Henderson filed a petition in the trial court for a Writ of Habeas Corpus to determine the proper custody, care, and control of the minor child Robert Bernard Kemp, at that time in the physical custody of the respondents Ernest Spears and his wife Leona Bradford Spears. The Spearses had previously filed a petition for adoption of the child on October 27, 1972, in The Family Court of East Baton Rouge Parish, State of Louisiana, Adoption No. 2,397. By stipulation of counsel it was agreed that there would be only one hearing for determination of custody of the child Robert Kemp without the necessity for any additional juvenile hearings. Custody was awarded to relators in the trial court on the basis that they had a superior right to the custody of their child as his parents, that they had never abandoned him, and that they could provide him with an adequate home.
Respondents Ernest and Leona Spears have appealed from this decision, urging as grounds of error that the trial court improperly decided that John Henderson was the father of the child Robert Kemp, and that it did not find that the Hendersons had abandoned the child and are morally and mentally incapable of caring for him. They allege as error, also, that the trial court erred in removing the child from the custody of the respondents Ernest and Leona Spears when his best interests lie with remaining in their care and custody.
The paternity of the child Robert Kemp is not at issue in these proceedings and bears no relation to the central issue of custody. The record shows that Robert Bernard Kemp was born in the Earl Long Hospital on June 11, 1971, to Sara Kemp, prior to her marriage to John Henderson. At the time of the child's conception there was no legal impediment to a marriage between Sara Kemp and John Henderson, who were subsequently married on October 2, 1971. Prior and subsequent to their marriage the parties informally acknowledged Robert Bernard Kemp as their child by their words and actions. Furthermore, they executed a notarial act on February 24, 1973, legitimating the child, in accordance with LSA-C.C. Arts. 198 and 200 and LSA-R.S. 9:391. We agree with the trial judge's action in stating that the child Robert Bernard Kemp should be considered as the legitimate child of the petitioners John Henderson and Sara Kemp Henderson.
We adopt as our own the succinct statement and finding of pertinent facts made by the trial judge in his Written Reasons for Judgment, as follows:
"* * * After the birth of the child Miss Kemp went to her parents' home with the child. Several days after her return to her parents' home the mother of the child, without notification to anyone, *803 left the household and the child in the care of her parents. Since the grandparents had a number of children of their own, and were unable to care for this child, they placed him with the Spearses who were neighbors and friends, and who were childless during twenty-two years of marriage. The child has since that time remained in the Spears household. When the child was approximately four or five months old the Spearses allowed Sara Kemp to move into the home with them so that she could be close to the baby. At about this time Sara resumed her `common law' relationship with John Henderson, and he was also allowed to move into the Spears household. During this period of time the Spearses encouraged Sara and John to marry, and a marriage ceremony was performed in their home on October 2, 1971. The Hendersons resided in the Spears home for a period of several months, but left when an incident occurred in which Mrs. Spears slapped Mrs. Henderson.
"When the Hendersons left the Spears home they did not take the child with them. The Hendersons contend that they were physically prevented from doing so, and the Spearses deny that this was the case. The Hendersons further contend that they have made numerous efforts to regain custody of the child without success, and the Spearses contend that no effort has been made by them to do so.
"The record further reveals that the Spearses filed a proceeding to adopt this child, but made no effort to locate the Hendersons or to obtain their consent to the adoption even though it was quite evident that the Hendersons were residing in East Baton Rouge Parish, and that they could have been easily located.
"The Spearses are fully capable of caring for this child, and have provided him with excellent care since he has been in their home. Although John Henderson is not as affluent as Mr. Spears, he is gainfully employed as a carpet layer and has been with his present employer for three years. He is able to financially care for the child and able to provide him with an adequate home, and he and Mrs. Henderson are prepared to receive the child in their home."
(Written Reasons for Judgment, Record, pp. 13-15)
The two most important issues to be considered on appeal are the issues of the alleged abandonment of the child by the Hendersons, and the fitness of the respective claimants to rear the child in his own best interests. The jurisprudence of this state has always held that its abandonment statutes, like its adoption statutes, must be construed strictly, with a decree of abandonment being entered only where "the evidence clearly shows manifestation of an intent to permanently avoid parental responsibility and all reasonable doubt should be resolved against entering such a decree." In re State of Louisiana in Interest of Sharp, 219 So.2d 317, 320 (La.App. 1st Cir. 1969).
In evaluating the evidence in the record of this case which contains a welter of contradictory testimony and other statements which becloud the central issue of abandonment, we turn again to the statement of the trial judge in his Written Reasons for Judgment in which he opined as follows:
"In the case at bar the plaintiff initially was in no position to support or care for this child herself. She left him with her parents, and when her parents surrendered him to the Spearses, she resided in the Spears home with the child. She married the father of the child, and objected to the Spearses' effort to adopt him. She and her husband have an adequate *804 home within which to rear the child, and both of them testified that they have attempted to regain its custody on various occasions. * * * It is this Court's opinion that Mr. and Mrs. Henderson have not forfeited their natural inherent right to custody by clearly abandoning or rejecting the child * * *."
(Written Reasons for Judgment, Record, p. 16)
We concur in the foregoing statement of the trial court. Having decided that the record does not support any allegation of abandonment of their child by the Hendersons, we move on to the next issue of their fitness for rearing the child. There can be no doubt that the Spearses can give Robert Kemp greater financial and material advantages than the Hendersons. There can be no doubt that they have already given the child many other advantages of loving care and stable home life and would continue to do so if permitted. On the other hand the trial court has found that the Hendersons can make reasonable provision for the child's physical welfare and that they can rear him in a proper environment. We find no evidence in the record upon which to base a contrary finding. In the light of our finding that the Hendersons can provide their son with an adequate home life, and even though it may be inferior in many ways to that provided him by the Spearses, which determination we do not necessarily make, we see no reason to deprive the Hendersons of their inherent, natural right to the custody of their child.
We affirm the judgment of the trial court, therefore, awarding the relators John and Sara Henderson the custody, care, and control of their minor child Robert Bernard Kemp.
Appellants will pay the costs of this appeal.
Affirmed.
NOTES
[*] Due to the death of Judge Tucker prior to rendition, this opinion is rendered unanimously by BLANCHE and VERON, JJ.