341 So.2d 583 (1977)
In the Interest of Zennie Donna Marie SHUMAKER.
Dorothy Shumaker FITZGERALD, Respondent-Appellant,
v.
LOUISIANA HEALTH AND HUMAN RESOURCES ADMINISTRATION, Petitioner-Appellee.
No. 13092.
Court of Appeal of Louisiana, Second Circuit.
January 10, 1977.
George E. Harp and Tommy K. Cryer, Shreveport, for respondent-appellant.
George F. McGowin, Baton Rouge, for petitioner-appellee.
Before BOLIN, MARVIN and JONES, JJ.
BOLIN, Judge.
Respondent appeals from an order of Caddo Parish Juvenile Court declaring her *584 nine-year-old daughter an abandoned child within the meaning of Louisiana Revised Statutes 9:403(A).[1] No reasons were assigned by the juvenile judge other than a statement in the preamble of the decree that "the best interest of the child supports an order of abandonment." We reverse.
The sole issue is whether it was proved the actions of the mother manifested an intention to permanently avoid all parental responsibility so as to justify a finding that the child was abandoned under the statute.
The child was born in Georgia in August 1967. When the baby was four months old the father secured a divorce from respondent and custody of the child. In March 1973 the father by notarial act surrendered the child for adoption to Caddo Parish Family Services [La.R.S. 9:402], which has had her custody since.
In February 1976 the agency notified the mother that an abandonment proceeding would be filed as it had not heard from her since November 1974. The petition for abandonment was filed in March 1976. An attorney was appointed to represent the mother, an opposition to the petition was filed, and the mother appeared and testified in the hearing in May 1976. The decree of abandonment was signed June 15, 1976.
The mother, who lives in Georgia, was first notified of her daughter's whereabouts after the father had voluntarily surrendered the child to the agency in March 1973. In October 1973 the agency commenced abandonment proceedings which were dismissed when the mother appeared and opposed the action. At that time she was not allowed to see the child. Soon thereafter the agency directed a letter to the mother advising her that since she knew Donna was in the foster care of the agency it was making demand on her for monthly contributions to help support the child. The mother responded and during the period from October 1973 to November 1974, she made fourteen weekly payments of $10 each. The last such payment was received in November 1974. The mother was never under court order to make support payments.
During the interim from October 1973 to November 1974, the mother wrote the agency social worker four letters, in two of which she inquired about Donna's health and expressed her love for Donna and her desire to have her back; in one she asked that the agency arrange to let her visit with Donna and requested a picture of the child. In the fourth letter the mother told the agency she was ill but she would send money to catch up the weekly payments as soon as she could. On December 10, 1974, the case worker wrote the mother telling her Donna was getting along fine and that a recent medical report showed there was nothing to worry about.
The only personal contact the mother had with Donna was an hour and one-half visit in July 1974, which was arranged through the agency. Although the mother had neither written nor called the agency concerning her daughter since November 1974, she contacted her minister who wrote to the agency and to Caddo Legal Aid on her behalf on January 15, 1975. These letters are admissible in evidence for the limited purpose of corroborating the testimony of Mrs. Shumaker that she had contacted the minister about helping her. In response to one of the letters, the Children's Case Supervisor wrote the minister on January 17, 1975, assuring him the agency would not attempt to force the mother to support Donna in view of her difficult circumstances. The supervisor expressed the hope that *585 the minister would continue to help the family and would be able to help them see "that for Donna to remain in foster care would be best."
Appellant blames her apparent lack of concern for her daughter over the 15-month period prior to this proceeding on the various misfortunes which had befallen her during that time. She testified she lost her job and was unable to continue making the weekly payments; that she was involved in litigation in another state trying to regain custody of two of her other children; that her present husband was out of work and they were financially unable to travel from Georgia to Shreveport to visit Donna; that the agency was uncooperative and "did not want her to get Donna back." She testified the agency would not send her a picture nor tell her how to regain custody of the child.
The cases cited on behalf of appellant repeat the admonition that failure or even refusal of the parent to support a child is not sufficient cause to justify a decree of abandonment; that the evidence must clearly show a manifestation of intent to permanently avoid all parental responsibility; and all reasonable doubt should be resolved against entering such a decree which is in derogation of the natural rights of legitimate parents. In the Interest of Jackson, 312 So.2d 912 (La.App. 4th Cir., 1975); Henderson v. Spears, 292 So.2d 801 (La. App. 1st Cir., 1974); In re State ex rel. Sharp, 219 So.2d 317 (La.App. 1st Cir., 1969); State in Interest of Fischbein, 194 So.2d 388 (La.App. 4th Cir., 1967).
In each of the above cited cases the court found the circumstances failed to justify a decree of abandonment. Particularly appropriate to this case is the opinion in In Re Jackson, supra, which we think expresses the underlying purpose of Louisiana Revised Statutes 9:401-407:
". . . [A] decree of abandonment, which irrevocably breaks one of the closest and most fundamental human relationships, must be based on evidence of circumstances clearly manifesting the parent's intention to permanently evade all parental duties. . . . all reasonable doubt should be resolved against entering such a decree."
Appellee agency contends the court should strictly construe that part of R.S. 9:403 which provides that if the parent has refused to provide for the care and support of the child for a period of at least four months under circumstances showing an intention to permanently avoid all parental responsibilities, the child shall, after proceedings as hereinafter set forth, be considered an abandoned child. The four months referred to in the statute is the minimum period of non-support which must elapse before the agency has the right to institute abandonment proceedings. This provision must be read with the qualifying clause that the failure to support must be "under circumstances showing an intention to permanently avoid all parental responsibilities." The burden is on the state to prove affirmatively both of the above requisites before the parent will be held to have forfeited his parental right to the child.
Cited by appellee as being analogous to this case is the case of In the Interest of Vines, 130 So.2d 445 (La.App. 2nd Cir., 1961). There the juvenile court had found the children were neglected and had placed them with the Department of Public Welfare more than four years prior to the abandonment proceeding. During that period the parents made no effort to support the children nor did they express any love, affection or concern for their welfare. Under those facts the court declared the children abandoned. No such extreme circumstances exist in this case.
Appellee further contends the ruling of the trial judge should be affirmed since he was in a better position to evaluate the best interest of the child due to his "total overview" of the conduct and credibility of the parties. While we agree the juvenile judge's ruling should be accorded great weight, we conclude that the conduct of the *586 mother, about which there is no factual dispute, does not support a finding that the child was abandoned under the statute.
The agency has provided this court with a supplemental brief urging the affirmance of the juvenile court decree on the basis that the best interest of the child supports an order of abandonment. State of Louisiana in the Interest of Thoman, 253 La. 496, 218 So.2d 571 (1969) is cited for the proposition that the court may rest its finding solely on a consideration of the best interest of the child. That case arose under entirely different circumstances and involved the custody of a child who, in the legal custody of its mother, had been declared to be neglected, under La.R.S. 13:1570, and had been placed in the temporary custody of a children's home, which action was opposed by the father.
There is little similarity, either in purpose or effect, between the abandonment proceeding under R.S. 9:403 and one in which a court finds a child neglected and in need of protection of the juvenile court under R.S. 13:1570. We have been cited to no authority, nor has independent research revealed any, by which the courts may, after considering only the best interest of the child in a contested action, declare a child abandoned under R.S. 9:403.
Considering all the circumstances, we conclude the actions of the mother do not manifest an intention to permanently avoid all parental responsibility for the child.
The decree of abandonment is reversed and the action is dismissed.
NOTES
[1] R.S. 9:403

A. If any child has been deserted for a period of at least four months by his parent and the whereabouts of his parent are unknown and the parent has made no provision for the child's care, or the parent has refused to provide for the care and support of the child for a period of at least four months under circumstances showing an intention to permanently avoid all parental responsibilities, the child shall, . . . be considered an abandoned child. However, this Part shall not be construed to require physical care of a child by a parent to whom custody has been denied or from whom custody has been removed by a court of competent jurisdiction. (Emphasis supplied)
* * * * * *