398 So.2d 78 (1981)
STATE of Louisiana In the Interest of Keith G. FORET and Kevin Lavergne.
No. 11742.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1981.
Rehearing Denied May 15, 1981.
Writs Denied June 22 and July 17, 1981.
*79 William C. Credo, III, Asst. Dist. Atty., State of Louisiana, Gretna, for plaintiff-appellee.
J. William Starr, Gretna, for defendant-appellant.
Before GULOTTA, BOUTALL and HUGHES, JJ.
HUGHES, Judge.
This is a custody dispute in which a mother claims that her right to custody of her children is superior to the right of the State to terminate parental rights. The children's natural mother appeals a judgment rendered against her by the Juvenile Court for Jefferson Parish which terminated her rights to the children and placed her two sons in custody of the Louisiana Department of Health and Human Resources. The issue presented is whether the trial court committed reversible error in finding that Darlene Foret Dills abandoned her children under circumstances that would permit termination of parental rights under LSA-R.S. 9:403 et seq. We find that it did err and reverse.
Kevin Wayne Lavergne was born December 24, 1976 and Keith George Foret was born February 2, 1978. They are both sons of Darlene Foret. On February 20, 1979, Darlene Foret went to juvenile authorities in Jefferson Parish and informed them that she could no longer care for her children because she had no place to live and no money to buy food and because of other serious circumstances. She was interviewed by a social worker and later appeared in Juvenile Court. There she informed the Judge that she could not support herself or care for the children and she explained the other circumstances. She indicated that Mr. and Mrs. Adrian Creech were willing to assume responsibility for Kevin Lavergne. She had gone to school with Mr. Creech and believed they would care for her son. She also advised the court that Mr. and Mrs. Denis Moreau were appropriate persons to take care of Keith Foret. All parties agreed to this custody arrangement and therefore no home study of the prospective custodians was conducted. No record was made of these proceedings but orders were granted placing the children in custody of Mr. and Mrs. Creech and Mr. and Mrs. Moreau.
Nine months later, in November of 1979, Darlene Foret filed a Motion to Revoke Custody of both children and requested that they be returned to her. This was followed by the filing of affidavits of abandonment pursuant to LSA-R.S. 9:403. Appropriate authorities then sought to permanently terminate the parental rights of Darlene Foret regarding her sons.
Hearings were conducted on December 20, 1979 and January 4, 1980 after which judgment was rendered declaring that Darlene Foret had indeed abandoned her children. The trial court additionally found that the persons to whom custody had been granted on February 20, 1979 were caring *80 for the children in a highly unsatisfactory manner. The court therefore placed custody of the children in the Louisiana Department of Health and Human Resources. It was from this judgment that Darlene Foret appealed.
The trial court's rulings as they relate to the parties who were granted custody on February 20, 1979 were appealed and assigned our docket numbers 11743 and 11744. We note that these appeals by Moreau and Creech were abandoned by request of those parties. They shall be dismissed today in separate opinions, State in Interest of Foret, 398 So.2d 82; State in Interest of Lavergne, 398 So.2d 82.
The finding of the lower court that Darlene Foret had abandoned her children was made pursuant to LSA-R.S. 9:403, the statute under which the affidavits of abandonment were filed. It reads as follows:
a. If any child has been deserted for a period of at least four months by his parent and the whereabouts of his parent are unknown and the parent has made no provision for the child's care, or the parent has refused to provide for the care and support of the child for a period of at least four months under circumstances showing an intention to permanently avoid all parental responsibilities, the child shall, after proceedings as hereinafter set forth, be considered an abandoned child. However, this Part shall not be construed to require physical care of a child by a parent to whom custody has been denied or from whom custody has been removed by a court of competent jurisdiction.
* * * * * *
d. For the purposes of Subsection A, custody shall be deemed to have been removed or denied to a parent only when such denial or removal is incidental to an action for divorce or separation from bed and board.
Appellant contends that the fact that she voluntarily surrendered her children in February of 1979 in consideration of their best interest so that she could get back on her feet precludes a finding that her children may be considered as abandoned children under LSA-R.S. 9:403. She contends that the statute refers to a parent who has made no provision for the child's care, whereas, she made an effort to place the children in the hands of responsible persons subject to the jurisdiction of the juvenile court. She thus contends that she made provision for their care.
The evidence revealed that Darlene moved to North Carolina during the month following her relinquishment of the children. She remained in North Carolina until the end of October in 1979 when she returned for the purpose of regaining custody of her sons.
Mr. and Mrs. Creech testified that they had not heard from Ms. Foret during the nine months of her absence. They acknowledged that she did see the children two or three times before leaving the state and had offered a small amount of money for their support. They testified that the amount of money offered was approximately $5.00, whereas Darlene Foret contended it was $140.00. The Creeches testified that they refused the money tendered because they were of the view that Ms. Foret probably needed it more than they did.
Ms. Foret testified that she did attempt to reach Mr. and Mrs. Creech through Mr. Creech's mother, but her one collect phone call was refused and she gave up trying to reach them thereafter. A similar state of affairs was related as to Mr. and Mrs. Moreau. At the trial it was established that both Mr. and Mrs. Creech and Mr. and Mrs. Moreau had unlisted phone numbers.
Ms. Foret testified at the trial that on October 29, 1979 she married Jule Von Dills and that he was willing and able to support her two illegitimate sons and another child who was born since she has been married to Mr. Dills. After her marriage a home study was made that was favorable to Mrs. Dills.
In written Reasons for Judgment, the trial court emphasized that in the change of custody order which was signed in February, the court directed Darlene Foret to *81 stay in contact with her children and to provide whatever financial support possible. In the trial court's view, the mother shirked this responsibility and obligation when she moved to North Carolina without informing the Moreaus or the Creeches of her address, thereby making it impossible for them to contact her. While we do not question that the trial court orally instructed Ms. Foret to attempt to support her children and to maintain contact with them, the order granting custody before us does not contain either order.
It has been repeatedly held that the abandonment statutes must be strictly construed and that the failure even refusal of a parent to support a child is not sufficient cause to justify a decree of abandonment; the evidence must clearly show a manifestation of an intent to permanently avoid all parental responsibility and all reasonable doubt should be resolved against such a conclusion because a decree of termination parental rights is in derogation of the natural rights of parents. In the Interest of Shumaker, 341 So.2d 583 (La.App. 2nd Cir. 1977); In the Interest of Jackson, 312 So.2d 912 (La.App. 4th Cir. 1975); Henderson v. Spears, 292 So.2d 801 (La.App. 1st Cir. 1974); State in Interest of Fischbein, 194 So.2d 388 (La.App. 4th Cir. 1967).
We are of the view that a mother who voluntarily goes through legal proceedings to temporarily transfer custody of her children to people whose reputation she was acquainted with, even though the trust was misplaced, cannot be held to have clearly shown a manifestation of intent to permanently avoid all parental responsibility. She did not leave her children until she felt assured, through legal process, that her children would be cared for and supervised. This fact can not be ignored when considering the requirements of LSA-R.S. 9:403, no matter how remiss the mother may have appeared in her performance as parent during the subsequent nine months. Likewise, the favorable North Carolina home study report that the mother could provide an adequate home should not have been ignored.
Darlene Foret Dills now wants and feels able to resume permanent custody of her children. To deny her this right is to make the children wards of the State because of the abandonment of appeal by the temporary custodians. To categorize these children as "abandoned" violates the requirement that LSA-R.S. 9:403 be strictly construed and it is thus a manifestly erroneous determination. Therefore, the judgment of the trial court granting custody of the children to the Louisiana Department of Health and Human Resources is reversed and custody of the two minors, Keith Foret and Kevin Lavergne is returned to their mother, Darlene Foret Dills.
REVERSED.

IN RE: APPLICATION FOR REHEARING OF WILEY J. BEEVERS AS COUNSEL APPOINTED TO REPRESENT THE INTEREST OF KEVIN LAVERGNE (AGE 4) AND KEITH FORET (AGE 3) IN THESE PROCEEDINGS.
On April 13, 1981, Mr. Beevers on behalf of Kevin Lavergne and Keith Foret filed an application for rehearing and a stay order seeking review of our decision in this case rendered on April 7, 1981. We saw no reason to stay our order on April 7, 1981 as we were of the view it would not be immediately executory pending the lapse of time permitted to seek review by the Louisiana Supreme Court or pending action by the Supreme Court should it grant a writ in response to an appropriate and timely application for relief from our order.
Having previously considered the interests of these two young children and being fully aware of the consequences of our ruling, we do not believe a rehearing would serve a useful purpose. We disagree with the applicant's assertion that our ruling was contrary to the trend of jurisprudence concerning parental rights. If there has been a trend, it has been toward restriction of the right of the State to deprive parents of custody of their children.
The application for rehearing and a stay pending rehearing is denied.