GULOTTA, Judge.
The Louisiana Department of Health and Human Resources, appeals from the trial court’s judgment: 1) dismissing the Department’s affidavit seeking to have a minor child declared abandoned by his natural mother, and 2) ordering that the November, 1982, judgment of the Court of Appeal, transferring the care of the child from the foster parents to the natural parents, be made the judgment of the court. We affirm in part and reverse in part.
In December, 1976, the two month old boy, a natural child, was placed in the protective custody of the State. Shortly thereafter, he was placed with foster parents.
Almost four years later, the boy’s natural parents filed a motion for the return of his custody to them. The court denied the motion but did order a visitation schedule between the minor and his natural mother.
In March, 1982, after a hearing on a rule to terminate custody brought by the Department of Health and Human Resources, the trial judge ordered a transfer of “care” to the natural parents. This judgment was affirmed by the Fourth Circuit in State in Interest of Simolke, 422 So.2d 196 (La.1982).
Our case stems from an affidavit filed in October, 1984, by the Department of Health and Human Resources, to have the minor declared abandoned by his natural mother. According to the Department, the natural mother had not visited her child since December, 1983, and had not contributed to his care and support since 1982. After a December 7, 1984 hearing, the trial judge denied the abandonment, and on January 3, 1985, ordered the November, 1982, appellate decision, which had transferred the care of the boy to his natural parents, to be made part of the court’s judgment.
Appealing, DHHR contends the trial judge erred: 1) in dismissing the State’s affidavit of abandonment; 2) in failing to conclude the natural father’s rights have been terminated;[1] and 3) in ordering the return of the child to the care of his natural parents when that question was not before the court.
ABANDONMENT
LSA-R.S. 9:403 provides:
“A. A child shall be considered abandoned when clear and convicing evidence is introduced at a judicial proceeding to prove either:
“(l)(a) the child has been deserted for a period of at least four months by his parent or parents, the whereabouts of his parent or parents are unknown, the parent or parents have made no provision for the child’s care and support and have shown an intention to avoid parental responsibility; or
*860 “(b). the parent or parents have failed to provide for the care and support of the child for a period of at least four months under circumstances showing an intention to permanently avoid parental responsibility.
“(2) The introduction of clear and convincing evidence which establishes the facts required by Subparagraphs (l)(a) or (l)(b) of this Subsection shall create a presumption that the parent or parents intended to permanently avoid parental responsibilities. The child shall be declared abandoned unless the parent or parents present evidence that rebuts the presumption.... ”
In The Interest of Foret, 398 So.2d 78, (La.App. 4th Cir.1981), this court recognized that abandonment statutes are in de-rogration of a natural right and must be strictly construed. We stated in Foret that the failure, even refusal, of a parent to support a child is not sufficient cause to justify a decree of abandonment unless it is shown by clear and convincing evidence that the parent manifested an intent to permanently avoid all parental responsibility-
In State in Interest of Fischbein, 194 So.2d 388 (La.App. 4th Cir.1967), we reversed a judgment of abandonment, despite a mother’s failure to pay court ordered support of $15.00 per week over a four month period, where we found the mother had made efforts to provide support within her means.
In State in the Interest of T.M. & W.M., 440 So.2d 951 (La.App. 2nd Cir.1983) the court affirmed the lower court’s finding that a mother had not shown an intent to permanently avoid parental responsibility, even though she failed to contact or support her children for a period of fifteen months after placing them in foster homes through the Department of Health and Human Resources.
In the instant case, according to a clinical psychologist who had worked with the boy and both his natural parents and foster parents since Summer, 1982, the natural mother was consistent in seeing her son at least every two weeks and often weekly from mid-January, 1983, through August, 1983. In September, 1983, the natural mother began showing signs of depression and anger and started failing to keep appointments. One month later she quit her job and would not give information about where she was living or how she could be reached. During this period, however, she did attend three joint counseling sessions in October and November with the witness and the foster parents. In December 1983, all visitations between the boy and his natural mother ceased completely. The same witness was of the opinion, however, that the natural mother genuinely loved her son and wanted him to live with her. In addition, the testimony of a service worker with the Office of Human Development, who had been the minor’s caseworker from 1979 to 1981, established that the natural mother had periodically contributed to his support from 1980 to February, 1982.
At the conclusion of the State’s case, the trial judge dismissed the Affidavit of Abandonment. At that point it became unnecessary for the natural mother, who was present at the hearing, to testify or offer evidence whether her actions constituted an intention to permanently avoid parental responsibility. The trial judge, in effect, concluded that the State had failed to carry the burden, by clear and convincing evidence, that the child had been abandoned by his mother. Considering the evidence, we cannot say the trial judge erred in denying the affidavit of abandonment.
CUSTODY
Having so concluded, we now turn to the custody question. Since this Court’s 1982 decree, which affirmed the trial court’s decision to transfer the care of the minor child from his foster parents to his natural parents, the record indicates that circumstances may have changed to warrant reconsideration of the present living conditions and circumstances of the natural mother. Because of the child’s history in this case, we deem that a custody decree rendered in 1985 that is based on factual findings in 1982 is ill-advised. Accordingly, *861 we conclude that in the child’s best interest this matter be remanded to the trial court for the purpose of hearing additional evidence to ascertain both the present living conditions of the mother and her circumstances in order to determine whether or not custody should be transferred to her.
Accordingly, we affirm that part of the trial court’s judgment denying the abandonment. We reverse that part of the judgment transferring the custody from the foster parents to the natural parents. The matter is remanded to the trial court on the custody question in accordance with the views expressed herein. The custody of the child will remain with the Department of Health and Human Resources pending further orders of the trial judge after a hearing on the custody question.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

. According to DHHR, the natural father’s rights are also terminated under LSA-R.S. 9:404, when the natural father has neither formally acknowledged nor legitimated the child, and there is a decree of abandonment against the mother.
We do not address the issue of the termination of the natural father’s rights. The record does not disclose whether the child was formally acknowledged or legitimated. Accordingly, we are unable to ascertain whether LSA-R.S. 9:404 is applicable in this appeal. This question is for another day, in other proceedings, when the natural father’s rights are subject to be terminated.