DOUCET, Judge.
This is an abandonment proceeding initiated by the State of Louisiana pursuant to LSA-R.S. 9:403. A hearing was held on October 5, 1979, at which the minor child, Tonya Reshell McGruder, and her alleged father, Willie Rose, were represented by curators appointed by the Court. The child’s mother, Marilyn McGruder, was represented by privately retained counsel. After a hearing, Tonya was decreed to be an abandoned child within the meaning of LSA-R.S. 9:401-407, and her custody was awarded to the Louisiana Department of Health and Human Resources, Office of Human Development. Marilyn McGruder appeals. The child and her alleged father have not appealed, or answered the appeal.
At the outset, we note that the curator appointed to represent the minor child has submitted a brief in which he argues that this matter should be remanded for a new hearing because of the trial judge’s refusal to grant a continuance pursuant to a motion that he filed on October 5, 1979, the day of the hearing. The grounds for the motion were that the child was denied effective counsel, because he was not given adequate time to prepare. The record indicates that although these proceedings were initiated by the State on August 6, 1979, a curator was not appointed to represent the child until September 28, 1979.
In addition to the fact that we do not believe that this issue is properly before us, because the child neither appealed nor answered the appeal, we find that the record does not support counsel’s assertions that the child was prejudiced or that the trial judge abused his discretion. Accordingly, the request that we remand this matter for a new hearing is denied, and we will address the issues raised by appellant with regard to the merits.
The facts are undisputed. On November 21, 1975, Tonya McGruder, who was then two years old, was taken into protective custody by the State. On December 5, 1975, she was adjudicated a neglected child by the Juvenile Court in and for the Parish of Calcasieu, and she has remained in foster care ever since. Shortly after her adjudication, a child welfare caseworker employed by the Louisiana Department of Health and Human Resources, Office of Human Development, attempted to contact her parents. The attempt to locate her father, Willie *157 Rose, was unsuccessful, but the caseworker was able to find appellant, Marilyn McGru-der.
Arrangements were made by the caseworker for visits between the child and appellant. The visits, which were usually for a period of one hour, were infrequent, because appellant repeatedly broke appointments and failed to respond to letters sent by the caseworker. In 1976, she visited with her child a total of five times. The visits took place on March 26, May 7, June 11, July 20, and September 3. In 1977, there were four visits. They were on April 22, July 1, August 19, and November 21. In 1978 there were only three visits. They took place on May 5, August 18, and November 21.
On November 21, 1978, the date of the last visit, the child’s caseworker discussed with appellant the need for regular monthly visits so that some sort of relationship could be built up between she and the child. The caseworker also encouraged her to contribute to the child’s financial support, if possible. After the discussion, appellant agreed to visit once a month and to contribute $50.00 per month for Tonya’s support. There were no visits in 1979. Appellant failed to respond to letters sent by the child’s caseworker and made no attempt to arrange for a visit until September 5, 1979, subsequent to the filing of the petition for these proceedings on August 6, 1979.
The trial judge concluded, after hearing all of the evidence, that Tonya had been abandoned within the meaning of LSA-R.S. 9:401-407. Appellant argues that he erred in doing so, because he applied the wrong legal standard. She contends that he based his decision on what he felt would be in the best interests of the child, rather than on a finding that the statutory requirements had been met. Those requirements are set out in LSA-R.S. 9:403(A), which provides:
“A. If any child has been deserted for a period of at least four months by his parent and the whereabouts of his parent are unknown and the parent has made no provision for the child’s care, or the parent has refused to provide for the care and support of the child for a period of at least four months under circumstances showing an intention to permanently avoid all parental responsibilities, the child shall, after proceedings hereinafter set forth, be considered an abandoned child. However, this Part shall not be construed to require physical care of a child by a parent to whom custody has been denied or from whom custody has been removed by a court of competent jurisdiction.”
We find nothing in the record to indicate that the trial judge was not fully aware of those requirements or that he did not find that they had been satisfied before rendering his decree. Appellant’s contention that he applied “the best interests of the child” standard is obviously based on his comments at the close of the evidence. It is clear from a reading of those comments, however, that they were not intended to be an explanation of the technical aspects of the applicable law. They were meant to explain to appellant the reasoning behind what must surely have seemed to her to be an extremely harsh law. We do not believe that the trial judge’s efforts to reassure appellant that the child would be benefited by his decision can be reasonably construed as an indication that he was applying an incorrect legal standard.
Appellant also argues that the State failed to carry its burden of proof. We disagree. The State established that there was a pattern of decreasing visits during the extended time that the child was in foster care, which, culminated in appellant’s absence for roughly eight months prior to the institution of these proceedings. Appellant offered several explanations for her absences and her failure to provide for the care and support of her child. However, we find them unpersuasive.
The only explanation which might reasonably have accounted for the long term nature of appellant's behavior was her claim that her mental state prevented her from doing more. Mrs. Julia Kaough, the child’s current caseworker, testified that *158 she' believed that appellant was drawing S.S.I. benefits because she had been diagnosed as having a disabling mental illness known as “chronic undifferentiated schizophrenia”. Appellant testified that she had been treated at a state hospital for mental illness and that after her release from the hospital she had continued taking prescribed medication for the treatment of her illness. According to appellant, the medication made her feel like she didn’t want to be bothered with anyone. However, there was no evidence showing the kind of medication that appellant was taking, nor was there any expert testimony as to the effect that it might have had on her behavior.
It is well settled that all reasonable doubt should be resolved against entering a decree of abandonment, which is in derogation of the natural rights of a legitimate parent. In the Interest of Shumaker, 341 So.2d 583 (La.App. 2nd Cir. 1977); In the Interest of Jackson, 312 So.2d 912 (La.App. 4th Cir. 1975). However, we cannot agree with appellant that her uncorroborated, self-serving statements created a reasonable doubt. We do not find manifest error in the trial judge's finding that appellant refused to provide for the care and support of her child under circumstances showing an intention to permanently avoid all parental responsibilities.
For these reasons, the judgment of the district court is affirmed.

AFFIRMED.