SWIFT, Judge.
Catherine Ann McGuire and her husband, Willie Allen McGuire, filed this action (with an affidavit by a supervisor of the Louisiana Department of Health and Human Resources, Offices of Human Development, attached) pursuant to LSA-R.S. 9:403 to have the minor child, Christina Lynn Wom-ack, declared abandoned and to obtain her custody. The natural parents of the child are Sharon Womack and Kenneth F. Wom-ack, Jr. The trial court found that Mr. and Mrs. Womack had abandoned their child and awarded her custody to Catherine and Allen McGuire. From this adverse judgment, Sharon Womack has perfected this appeal. We affirm.
The undisputed facts are that Kenneth and Sharon Womack were married on February 27, 1977. Sharon was fifteen years old at that time. On March 30, 1977, she gave birth to her first child, Rebecca Wom-ack. In late spring of 1978 the Womacks learned that Sharon was pregnant with a second child. In July, 1978, they agreed to allow Kenneth Womack’s sister, Catherine Womack, and Allen McGuire to raise the unborn child as their own upon the latters’ arranging for and paying the medical expenses of the delivery and also the expenses of her future care. Approximately a month before the child was born, Sharon moved in with the McGuires in Pineville, Louisiana. Kenneth Womack remained in St. Francis-ville, Louisiana. On September 5, 1978, Sharon wrote a letter to Catherine stating that she felt Catherine would take good care of the child and that she would not seek the return of the child.
On September 20, 1978, Christina Lynn Womack was born. Sharon Womack signed Christina’s birth certificate as Catherine Womack instead of her own name. Sharon remained at the McGuires’ house for two days after the birth to regain her strength and then returned to St. Francisville without the child. Since that time the McGuires have raised Christina as their own child and have paid all medical and other necessary expenses to raise the child. Christina has been well cared for by the McGuires. The Womacks have not contributed in any way to her financial needs or welfare.
In December, 1980, Sharon Womack obtained a judicial separation from her husband. On January 2 and 5, 1981, she made demands on the McGuires for the return of Christina. They refused and filed this action on January 12, 1981.
The issues on appeal are whether the trial court erred in finding that Sharon and Kenneth Womack had abandoned their child, Christina, and in awarding custody of the child to the McGuires under the statute.
A child is considered abandoned when clear and convincing evidence is introduced at a judicial proceeding to prove the parents have failed to provide for the care and support of the child for a period of at least four months under circumstances showing an intention to permanently avoid parental responsibility. LSA-R.S. 9:403(A)(l)(b). The introduction of such evidence creates a presumption that the parents intended to permanently avoid parental responsibilities and the child will be *1239 declared abandoned unless the parent or parents present evidence that rebuts the presumption. LSA-R.S. 9 ¡403(A)(2). All reasonable doubt should be resolved against entering a decree of abandonment, which is in derogation of the natural rights of the legitimate parents. State, in Interest of McGruder, 386 So.2d 155 (La.App. 3 Cir. 1980). However, once the trial court decrees a child abandoned it may place the child in the custody of an agency, person or persons, or make any other disposition of the child which is in its best interest. LSA-R.S. 9 ¡403(C).
The evidence presented by the McGuires, revealed that in the summer of 1978 Sharon Womack asked Allen McGuire if he thought Catherine would like to have her unborn child. This was confirmed by Geraldine Womack, Kenneth’s sister. After Allen discussed the proposal with Catherine, they visited the Womacks in St. Francisville to determine if Sharon was serious about her offer. Kenneth Womack, having no knowledge of the prior proposal, asked his wife why she had made the offer. After she explained that she did not want to have another child, Kenneth agreed that the unborn child should be given to the McGuires. The testimony of the McGuires and Kenneth Womack was to the effect that this arrangement was permanent and that Sharon was not coerced or threatened in any way. The above mentioned letter written by Sharon confirms this.
The evidence clearly reflects that the child has been cared for exclusively by the McGuires from birth to the present and that the Womacks have not expressed any interest in her welfare or support. On one occasion Mrs. McGuire requested Sharon to babysit the child while they were moving to a new home. Sharon asked to be compensated for such services and not long thereafter returned the child to the McGuires because of its crying.
The evidence also establishes that Sharon Womack attempted to conceal the birth of Christina from her mother and her neighbors, telling them that she had had a miscarriage.
The Womacks provided no support for the child for a period of nearly three years and demonstrated their intention to permanently avoid parental responsibility.
The evidence presented by Sharon Wom-ack in an attempt to rebut the presumption of her intent to avoid parental responsibility is unpersuasive. She testified that her husband and the McGuires coerced her into giving the child to the latter and that Kenneth Womack forced her to write the September 5, 1978, letter. She said her husband felt he could not afford a second child and that the McGuires and he would not let her send gifts or financial aid to the child. She also said that she was frightened by the threats of the McGuires and her husband and this was the reason she did not try to obtain the child prior to this suit. However, she had at least two lengthy separations from her husband when she stayed with her mother and was not subject to Kenneth’s influence, during which she did nothing that would indicate she desired to have the child returned to her.
With regard to the mother’s testimony the trial court stated:
“ * * * Sharon’s unsupported and self-serving testimony to the effect that she gave up the child unwillingly, because of coercion, must fall on deaf ears. The main thrust of her claim is that her husband induced her to give away a baby that they could not afford. Though the father has demonstrated no paternal interest in the child, there is nothing whatever to substantiate this claim. On the contrary, the weight of evidence indicates that Sharon alone, for whatever reason at the time, made the decision to surrender her unborn child, without counsel of, or knowledge by, her husband.”
The court eventually concluded that “. . . this Court harbors no doubt whatever that Christina has long since been abandoned by Kenneth and Sharon Womack.”
We agree fully with the trial judge’s findings and conclusion that the Womacks abandoned Christina within the meaning of LSA-R.S. 9:403(A)(l)(b). The evidence in *1240 this regard is clear and convincing. It also establishes that the McGuires have cared for the needs of Christina well since birth and that she and they recognize and enjoy the parental relationship. The custody of Christina was properly awarded to the McGuires.
For the foregoing reasons, the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.