KNOLL, Judge.
The mother of four minor children appeals from the judgment of the trial court in favor of the Department of Health and Human Resources (DHHR), declaring the children abandoned, which in turn terminates her parental rights and obligations, making the children eligible for adoption. The names of the parties involved have been omitted in the title and in this opinion. The sole issue is whether the mother failed to provide for the care and support of the children for a period of at least four months, under circumstances showing an intent to permanently avoid parental responsibility. We affirm, finding the record presented clear and convincing evidence of the mother’s intent to permanently avoid her parental responsibility.
The guidelines in determining a child abandoned are set forth in LSA-R.S. 9:403. Pertinent to this case are the following:

“A. A child shall be considered abandoned when clear and convincing evidence is introduced at a judicial proceeding to prove either:

(1)(a) the child has been deserted for a period of at least four months by his parent or parents, the whereabouts of his parent or parents are unknown, the parent or parents have made no provision for the child’s care and support and have shown an intention to avoid parental responsibility; or

(b) the parent or parents have failed to provide for the care and support of the child for a period of at least four months under circumstances showing an intention to permanently avoid parental responsibility.

(2) The introduction of clear and convincing evidence which establishes the facts required by Subparagraphs (l)(a) or (l)(b) of this Subsection shall create a presumption that the parent or parents intended to permanently avoid parental responsibilities. The child shall be declared abandoned unless the parent or parents present evidence that rebuts the presumption. A parent adjudged to have abandoned his child under Subparagraphs (l)(a) or (l)(b) shall thereafter have no right to object to or oppose any proceeding to adopt that child.”

*1015 The facts are undisputed. The mother, during most of her teenage years, gave birth to four children: male child D.O.B. July 21, 1973; male child D.O.B. August 12, 1974; female child D.O.B. January 10, 1977; and female child D.O.B. August 6, 1979. Each child has a different biological father. The mother was not married to any of the fathers and none of the fathers ever formally or informally acknowledged his child. The mother lived in poverty with her mother, Mrs. E.B., before, during and after the babies were born. All basically lived off Mrs. E.B.’s SSI monthly check of $237. Although the household was entitled to $204 worth of food stamps per month at a purchase price of $90, the mother bought only one-fourth of the amount certified, namely $51 for $22.
The mother’s work history is poor. She has earned very little income and relies on her mother, Mrs. E.B., to assist her with her children. Mrs. E.B. had two heart attacks and suffers from high blood pressure and arthritis.
DHHR has been working with and assisting the family since 1977. The family first came to its attention on a complaint of dental neglect on the oldest child; his front teeth were decayed to the gum line. The complaint was substantiated and oral surgery performed on the child. At the same time, the day care home reported that the first and second child attended so dirty that the day care mother had to bathe them and wash their clothes. From this point on, a deteriorating set of facts continued to develop for the children despite the assistance of DHHR, because the mother was not responsive.
In August 1977, it was reported that the third child, who was nine months old, was being fed only milk. The Christmas of 1977, the mother went to California leaving the children with Mrs. E.B., who stated she could not handle the children alone. In April 1978, their apartment was totally destroyed by a fire in the morning started by the two oldest children while the mother was sleeping. Because of unexcused and excessive absences during the school year of 1979-80, the oldest child was not promoted to the next level, and the pattern is developing for the other children. The mother has been arrested several times for shoplifting, and was convicted twice. In January 1980, the gas service was discontinued and the only heat in the home was an electric heater. In November 1980, the electrical service was disconnected for several weeks. During the same month, a complaint of physical abuse on the second child was received and substantiated. He was immediately removed and placed in the custody of the State in foster care. The following month the remaining children were likewise placed in foster care.
At the initial hearing in January 1981, the mother admitted the allegations in the removal petition. All of the children have remained in foster care since that date. There have been several hearings for continued custody of the children in the State which were not contested by the mother.
While the children were in foster care, DHHR made great efforts in trying to restore the family unit, but were unable because the mother was uncooperative and her conditions remained the same. It was determined that the mother had a drinking problem which she denied. Several appointments were made for her at a substance abuse clinic but she went only once. She failed to attend family team conferences arranged by DHHR despite letters, phone calls and personal visits by DHHR to encourage her to attend. She failed to exercise most of her visitation dates with the children and when she did, the visitation reports were not in her favor. Her last visitation with the children was July 30, 1982. By then, the mother had married Mr. F. and after this visitation, the children returned upset and disturbed because their mother and Mr. F. were drunk and exposed the children to their sexual activity. It was not until after the abandonment action was filed in October 1983, that the mother saw the children at Christmas. During that time, she contributed nothing for their care and support, a period in excess of a year.
*1016 Her circumstances are basically the same. She is still living with her mother. Her husband, Mr. F., is serving a six year term at DeQuincy for simple robbery. She has no income and has not had regular employment for the past two years, and there were no immediate prospects for work.
In Womack For Declaration of Abandonment, 411 So.2d 1237 (La.App. 3rd Cir. 1982), this court clearly stated the requirements in abandonment proceedings as follows:
“A child is considered abandoned when clear and convincing evidence is introduced at a judicial proceeding to prove the parents have failed to provide for the care and support of the child for a period of at least four months under circumstances showing an intention to permanently avoid parental responsibility. LSA-R.S. 9:j03(A)(l)(b). The introduction of such evidence creates a presumption that the parents intended to permanently avoid parental responsibilities and the child will be declared abandoned unless the parent or parents present evidence that rebuts the presumption. LSA-R.S. 9:j03(A)(2). All reasonable doubt should be resolved against entering a decree of abandonment, which is in derogation of the natural rights of the legitimate parents. State, in Interest of McGruder, 386 So.2d 155 (La.App. 3 Cir.1980). However, once the trial court decrees a child abandoned it may place the child in the custody of an agency, person or persons, or make any other disposition of the child which is in its best interest. LSA-R.S. 9:403(C).”
In the present case, the mother does not contest the facts. She is contesting the abandonment action because she says she loves her children and wants another chance. The State proved its case by overwhelming evidence. The mother presented no evidence that rebuts the presumption that she intended to permanently avoid her parental responsibilities nor any evidence that she could provide for their care and support and perform her parental responsibilities. We find the evidence of the mother’s circumstances clearly manifest her intention to permanently avoid her parental responsibility. Absent an abuse of discretion by the trial court, its findings of fact will not be disturbed on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). We find the record fully supports the trial court.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.