|1SCHOTT, Chief Judge.
The State of Louisiana, Department of Social Services, Office of Community Services has appealed from a judgment of the juvenile court dismissing appellant’s petition to terminate the parental rights of the mother of ML, born on May 13, 1990, and PL, born on April 30, 1993. The issue is whether appellant carried its burden of proof where the grounds for termination were desertion and abandonment of the children.
ML first came into state custody on June 4, 1991 after she suffered incidents of physical abuse and neglect due to the mother’s mental illness. ML was adjudicated as a child in need of care on September 23, 1991. She remained in state custody until February 27, 1993, when custody was transferred to her maternal uncle and aunt. Although no father is named on the birth certificate, Mar *801 cus Gonzales is the alleged biological father. Appellant has not been able to obtain any other identifying information for him, nor have they been able to locate him.
PL, the other minor child involved in these proceedings, was placed in state custody on May 4, 1993, a few days after his birth. He was adjudicated |2as a child in need of care by the Juvenile Court and he has remained in the custody of the state continuously since his first placement.
From July 1991 until PL was born in April 1993 appellant heard nothing from the mother and lost contact with her. PL came into state custody shortly after his birth and the mother was temporarily placed in a psychiatric ward. Upon being discharged she was supposed to report to a Salvation Army women's shelter, but she failed to do so. Again appellant lost contact with the mother and initiated the present proceedings in December 1993. During these periods when the mother was out of contact appellant attempted to locate her but was unable to do so until November 10, 1993, when the ease worker located her in Pennsylvania where she was living with her parents and attending a mental health clinic.
The termination proceedings were brought pursuant to Articles 1015(8) and 1015(9) of the Louisiana Children’s Code which govern desertion and abandonment respectively. Appellant contends that in refusing to terminate the mother’s parental rights, the Juvenile Court required elements of proof and assigned burdens of proof which are not required under the current law.
Ch.C. Art. 1015 provides that whatever ground the petition for termination of parental rights is based upon all conditions of such ground must be established. Paragraphs (8) and (9) provide the grounds for desertion and abandonment of the child as follows:
(8) Desertion of the child
(a) The child has been abandoned by his parent for a period of at least four months.
(b) The parent has made no provision for the child’s care and support.
(c) After a diligent search, the whereabouts of the child’s parent is unknown.
(9) Abandonment of the child
(a) The child has been abandoned by his parent for a period of at least four months.
|3(b) The parent has failed to provide for the child’s care and support, without just cause, thus demonstrating an intention to permanently avoid parental responsibility.
Obviously, appellant failed to meet condition (c) under paragraph (8) because the whereabouts of the mother was known to appellant when the petition was filed and at the time of the trial. Consequently, the trial court’s conclusion that appellant failed to prove desertion was eminently correct.
The question remains whether appellant proved abandonment of the children under paragraph (9). The difficulty with appellant’s case arises out of the wording of condition (b) which requires proof that the parent has failed to provide for the child’s care and support, “without just cause”.
At the trial of the case the court had the benefit of a letter from the Penn Foundation Mental Health Center advising that the mother had been committed to the hospital where she remained until December 3, 1993, and was being treated as an outpatient since then. She was receiving therapy and was under medication. Her diagnosis was Schizo-affective Disorder, of longstanding. Her prognosis was guarded because of the duration and severity of her illness as well as her inability to accept the reality of her illness. During the time she was being treated she improved “although delusional thinking, paranoia, and denial of her mental illness continue ...”
While all parties agree that the mother is and has been suffering from mental illness there is no medical or expert evidence other than the letter from the Penn Foundation concerning the length and severity of her condition. The inference is clear from the letter that this mother’s illness was probably severe enough to prevent her from providing for the care and support of her children for some time before appellant filed its petition. The question is whether her failure to provide care and support was without just cause over the long period |4of time she failed to *802 provide for ML and the six month period in which she failed to provide for PL.
Appellant contends that having proved failure to provide for the children the burden is on the parent to prove she had just cause. It argues that the mother’s failure to prove that she was prevented from caring for the children because of her mental illness should result in a judgment of termination of her parental rights.
The cases cited by appellant seem to support its position, but, except for one of these cases, they were not decided under the present Article 1015 of the Children’s Code which became effective on January 1, 1992.
Termination proceedings for abandonment were formerly governed by LSA-R.S. 9:403 which provided in pertinent part as follows:
A. (1) A child shall be considered abandoned when clear and convincing evidence is introduced at a judicial proceeding to prove either:
* ⅝ ⅜ ⅜ ⅝ ⅜
(b) The parent or parents have failed to provide for the care and support of the child for a period of at least four months under circumstances showing an intention to permanently avoid parental responsibility-
(2) The introduction of clear and convincing evidence which establishes the facts required by Subparagraphs (l)(a) or (l)(b) of this Subsection shall create a presumption that the parent or parents intended to permanently avoid parental responsibilities. The child shall be declared abandoned unless the parent or parents present evidence that rebuts the presumption.
It is significant that the language of the former statute creating the presumption and placing the burden on the parent to rebut that presumption was not incorporated into the Children’s Code. Only Article 1035 addresses burden of proof and only to the extent that it requires proof beyond a reasonable doubt in certain cases and proof by clear and convincing evidence in a case such as |5the instant ease.
State in Interest of P.R.B., 622 So.2d 716 (La.App. 5th Cir.1993) was initiated in April 1992 under the provisions of Ch.C. art. 1015(9). In that case the court discussed the law as follows:
Article 1035 states that under this ground, the state has the burden of proving the facts by clear and convincing evidence. The state must, then, affirmatively prove that the parent has failed to provide for a child’s care and support for at least four months. [State v.] State in Interest of Moore, 474 So.2d 478 (4th Cir.1985). Once this is met, the burden shifts to the parent to prove just cause for the failure. Moore, supra. See also State in Interest of Marchadie, 436 So.2d 1234 (5th Cir.1983). The court is then left to determine whether the totality of the circumstances indicate an intent to permanently avoid parental responsibility and abandonment of the child. 622 So.2d at 719.
The cases cited as authority predated the Children’s Code but the court nonetheless deferred to those cases and the former statutory law to hold that the burden was on the parent to prove just cause for the failure. With all due respect for our colleagues on the Fifth Circuit we do not agree with this holding.
All parties agree to the proposition that a statute providing for the termination of parental rights which is in derogation of the natural and fundamental rights of the parent must be strictly construed. In drafting art. 1015(9)(b) the legislature abolished the former presumption — shifting of burden of proof to parent and prescribed that the burden was on the petitioner to prove that the parent has failed to provide for the child’s care and support, without just cause. We cannot construe this language to mean the burden is on the parent to prove that her neglect was for just cause.
In deciding the case the trial court gave the following reasons:
|6Based on the testimony previously taken in this case, and the law, I would find that the State did not meet the burden in this case as relates to the mother, and I would not order the termination.
For the reasons we have discussed we find that this statement by the trial court is cor *803 rect. Accordingly, the judgment appealed from is affirmed.

AFFIRMED.